BETTY HALEM, Landlord, Respondent, *v.* " JOHN " HALLIBURTEN, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, January — Filed February, 1924.

Landlord and tenant — summary proceedings — monthly tenant — when tenant entitled to plead statutory defense — Laws of 1923, chap. 892.

Since the enactment of chapter 892 of the Laws of 1923, in effect June 1, 1923, a monthly tenant, who moved into leased premises in July, 1922, is entitled in a summary proceeding for the non-payment of the rent for July, 1923, to plead the statutory defense that the rent demanded was unreasonable and unjust.

APPEAL by tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of landlord.

*Jacob Walz,* for appellant.

*Bernard M. Bailey,* for respondent.

*Per Curiam.* In this summary proceeding for non-payment of rent for July, 1923, to which the tenant interposed the statutory defense, upon the concession of the tenant that he moved into the premises in July, 1922, and paid the rent as a monthly tenant for a year, the trial court held that he was not " entitled to a review of the reasonableness of the rent under the new amendment " (Laws of 1923, chap. 892, in effect June 1, 1923), and granted a final order for the landlord.

The " new amendment " extends the benefits of the housing laws, including Laws of 1922, chapter 664, to " all tenancies, agreements and leases entered into or executed subsequent to the 27th day of September, 1920; " and under the 1922 statute it is provided that " If it appear that the defendant is a monthly tenant or a tenant from month to month and has paid three equal monthly payments of rent in successive months. Such defense shall not be allowed after this section as amended takes effect against a claim for rent or rental value not exceeding the rate so paid and accruing within nine months after such third payment; but the defendant may plead such defense in relation to rent or rental value claimed for a period within three months after the expiration of such nine months."

Although the tenant, under the 1922 statute, having paid the rent for July, August and September, 1922, could not set up the statutory defense to the monthly rent for nine months thereafter, the act, as a result of the 1923 amendment, expressly permitted him to plead such defense to the rent for July, 1923.

Final order reversed and a new trial ordered, with twenty dollars costs to appellant.

All concur; present, BIJUR, MULLAN and LYDON, JJ.

**Ordered accordingly.**